FILED
2026 Jan-10  PM 05:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **MARICRUZ ÁVALOS,** | ) | |
| *Plaintiff,* | ) | |
| **v.** | ) | **Case No.: 2:25-CV-00250 JHE** |
| | ) | |
| **DE VINCI'S PIZZA, INC., and** | ) | |
| **JOHN A. DECASTRO DAY,** | ) | |
| *Defendants.* | ) | |

### PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT ON DEFENDANTS' SPOLIATION OF EMPLOYMENT RECORDS' EVIDENCE, AND ON THEIR INITIAL DISCLOSURES FAILURES TO DISCLOSE AS MANDATED UNDER RULE 26(a)(1)

Plaintiff, Maricruz Ávalos, by and through counsel, moves this Honorable

Court to Federal Rules of Civil Procedure 37(e) and 55(b), and to Rule 26(a)(1), to

enter a default judgment against the Defendants, De Vincis Pizza, Inc., and John A.

De Castro Day, as a sanction for their willful and bad-faith spoliation of Plaintiff 's

employment records and related documents in the Defendants' possession, which

includes all records relevant to this litigation. Additionally, for the non-compliance

and violations of Defendants' discovery violations , wholesale failure to disclose as

mandated by FRCP Rule 26(a)(1), and the unlawful issuance of 1099's to hourly

salaried employees, dishwashers and kitchen helpers, while declaring them to the

IRS as independent contractors, and in some cases issuing 1099's for more than ten

1

times of what they were paid as $16-to $18 hourly salaried employees. Please see

Exhibits "1", "2", and "3", Initial Disclosures and Defendants' Answers to all

discovery.

## I.  INTRODUCTION

Shortly after the Plaintiff was terminated as a salaried employee of the

Defendants in violation of FLSA and Title VII, she filed a Verified Complaint in

this Federal District Court on February 14, 2025. Defendants' Initial Disclosures

under Rule 26(a)(1) produced "NONE" employment documents for the Plaintiff.

29 U.S.C, §211(c), and in particular 29 CFR §1602.14 on the mandatory

preservation of records, made or kept by the Defendants demands in part:

> *"Where a charge of discrimination has been filed, or an*
> *action brought by the Commission or the Attorney General,*
> *against employer under title VII, the ADA, or GINA, the*
> *respondent employer shall preserve all personnel records*
> *relevant to the charge or action until final disposition of the*
> *charge of the action. The term 'personnel records relevant to*
> *the charge,' for example, would include personnel or*
> *employment records relating to the aggrieved person..."*

> *"The date of final disposition of the charge or the action*
> *means the date of expiration of the statutory period within which*
> *the aggrieved person may bring action in a U.S District Court or,*
> *where an action is brought against an employer either by the*
> *aggrieved person, the Commission, or by the Attorney General,*
> *the date on which such litigation is terminated."*

The Defendants had within their human-resources-employment record files, punch cards for hours, lack of maternity leave records, lack of any vacation time given during seven years of employment, performance reviews, hourly salary changes, federal misclassification records 1099's that could have been made without the Plaintiff's knowledge *(as claimed to be done to themselves by other similarly situated salaried employees who were working for the Defendants in their restaurant kitchen with the Plaintiff)* falsely representing to the Internal Revenue Service ("IRS") as if they were independent contractors, instead of a hourly salaried employees. The Defendants refused to produce any employment records, including surveillance footage, email communications, ESI, employment records showing overtime hours worked, severance documents, any severance calculations, all of which Defendants are obligated to preserve, and produce.

Plaintiff filed this lawsuit shortly after she was unlawfully terminated from her job with the Defendants who having notice and knowledge of the pending litigation destroyed all the evidence in their dominion making it impossible for Plaintiff to prove essential elements of the case, as the Defendants failed to provide the requested employment evidence, and failed to disclose the name of the co-owner of De Vinci's business, Iracema Day, while failing to produce documents in their Initial Disclosures, as mandated by ARCP, Rule 26(a)(1). Motion to Amend Complaint to include Iracema Day, is pending before the Court.

## II.  HISTORY OF DEFENDANTS UNLAWFUL ACTS

Defendant John A. De Castro Day, has a history of business fraud, and he was found **guilty of 58 counts of fraud** according to the Supreme Court of Alabama records, and the Blount County Court records showing that:

**"In January 1990, the grand jury of Blount County, Alabama, indicted John Albert DeCastro Day on 58 counts of violating Ala. Code 1975, §8-6-17."** *See STATE of Alabama v. John Albert DeCastro DAY, a/k/a John Day, John Albert Day, and John A. Day*., and *See* also: In the Supreme Court of Alabama, *Ex Parte Day*, 584 So. 2d 493 (1991). Chief Justice HORNSBY affirming the indictment, with ALMON, ADAMS, STEAGAL, and INGRAM, JJ. Concurring.

The Defendants also have a history of serious labor violations of the FLSA, inter alia. *See: Engler v. De Vinci's Pizza, Inc.,* cv-232-KOB (Northern District of Alabama, June 14, 2022). Engler claims in Counts I and II of her Complaint, that "her employer De Vinci's Pizza and its manager John Day failed to pay her the required minimum and overtime wages in violation of the FLSA."  Engler argues that she received "only her tips" but "failed to pay her any wages or any required overtime pay". Engler's Complaint also includes claims against the Defendants for retaliation, invasion of privacy, and assault and battery. "Engler testified in her deposition that Day required her to tip the busboy and dishwasher $20.00" and some days she earned no income because she received no tips."

In the Complaint, Engler ratifies the fact that she was working from 9:00 A.M. to 11:00 P.M. And "Defendants do not contest that both Devinci's and Day are covered employers who can be jointly and severally liable under the FLSA."

Now, defendant John A. De Castro Day, threatening to declare bankruptcy, in what appears to be another of his schemes to evade responsibility, as usual. John A. DeCastro Day recently sold his restaurant building for close to one million dollars and also sold his parents' house. To even allow the Defendants to file for bankruptcy may constitute an abuse of process as it appears to be done in bad faith to evade their due accountability. Any bankruptcy proceeding is to be challenged and objected to, and calls for a full review for their multiple unlawful actions, and all their intentional misconduct through the many years, and in this case.

## III. FACTUAL BACKGROUND

### 1. Duty to Preserve

Defendants have the duty under 29 CFR Section 1602.14, to preserve all employment records made or kept. In a claim under title VII discrimination, the employer must preserve all personnel records until the final disposition of the case or the date of the expiration of the statutory period. Defendants are in breach.

### 2. Destruction of Evidence

After the Plaintiff murmured with other workers the fact of being deprived of employment benefits and that she never had a vacation time in 7 years (neither

paid or unpaid) the Plaintiff was unlawfully severed from her employment in 2024, and shortly thereafter a lawsuit was filed in Federal Court, and the Defendants were served with Summons and Complaint, but despite of having notice and knowledge of the ensuing litigation, and in violation of their duty, the Defendants destroyed or failed to preserve all the employment records evidence. It was found first at the level of the Initial Disclosures under Rule 26 (a)(1) answering having "NONE" and it has become totally clear when during the discovery process the Defendants refused to produce any employment documents whatsoever, and in particular any documents that would have shown the daily hours worked, overtime, wages, IRS withholdings, unemployment, severance pay, vacation, maternity leave time, punch-cards, *inter alia.*

### 3. <u>Culpable State of Mind</u>

Even if, arguendo, the Defendants had acted negligently, the Plaintiff would also be entitled to be granted a default judgment against her employers. But the facts clearly show that the **Defendants' actions were willful and in bad faith** and are designed to disrupt and make Plaintiff's lawsuit very difficult without the documents requested through discovery, which the Defendants did not produce, after many requests to obtain employment documents. There were also internal communications from other employees for Defendants having fraudulently issued 1099's for some employees, mostly Hispanics because they "would not know what

that is". It was found that for two Hispanic hourly-salaried dishwashers, who were working in the kitchen with the Plaintiff, they were issued 1099's highly inflated to amounts many times over their respective salaries of $16 and $18 per hour., and one of them is claiming that he has been summoned by the IRS as the 1099 to his name in addition of being fraudulent, it also shows more than ten times the amount of money that he ever received working for the Defendants.

### 4. Prejudice to Plaintiff

The evidence destroyed by the Defendants is vital for the Plaintiff's claim in this case. This loss has significantly prejudiced Plaintiff's ability to prove her case, as the prejudice cannot be cured by other means other than by a default judgment.

The Plaintiff, after being unlawfully deprived of any employment documents by the Defendants, would have to show at trial:

\*   Whether the Defendants violated the Fair Labor Standards Act, 29 U.S.C. §216(b) of the Fair Labor Standard Act ("FLSA") for overtime violations against the Plaintiff. ***The punch-cards registering hours worked by Plaintiff have been maliciously destroyed by the Defendants***.

\*   Whether the Defendants violated FLSA 29 U.S.C. §215 (a)(3) for the wrongful termination of the Plaintiff. ***All records were destroyed by the Defendants.***

\*   Whether the Defendants discriminated against the Plaintiff depriving her of her employee's fringe benefits under U.S.C. §1981. ***All these records were intentionally destroyed by the Defendants***.

\*   Whether the Defendants violated FLSA, 29 U.S.C. §211 (c) for their failure to keep any of the seven (7) years employment records of the Plaintiff. ***All the 7-year employment records were willfully and maliciously destroyed by the Defendants.***

\*   Whether the Defendants, having the duty to preserve evidence with anticipation of litigation, and having the duty to prevent the destruction of potentially relevant evidence and employment records, have committed malicious acts of spoliation of evidence as addressed by Rule 37 (e) of the FRCP, and by Alabama Rule 37 (b) (2), *inter alia*. ***All the 7-year employment records were willfully and maliciously destroyed by the Defendants.***

\*   The Plaintiff also holds a reasonable reason to fear if without her knowledge, 1099's had been issued to her name to the IRS by the Defendants, which would have serious consequences on account of such fraudulent act(s).

**IV.  LEGAL STANDARD**

Federal courts have the power to impose severe sanctions, including the entry of default for the spoliation of any form of evidence such as physical employment

documents and records, electronically stored information, all by and through the court's inherent authority conferred by the FRCP 37(e).

Federal law under 29 U.S.C. Section 211(c) demands that employers are "required to make, keep, and preserve all records of its employees, including those related to the wages, hours, and other conditions and practices of employment."

The act of an employer not maintaining employment time records is by itself an FLSA recordkeeping violation, and to willfully destroy employment-time cards or employment records calls for the granting of a default judgment and penalties.

Rule 37(e) provides that if the documents or ESI which should have been preserved are lost because a party failed to take reasonable steps to preserve it, and it cannot be restored, the court may:

1. Order measures no greater than necessary to cure the prejudice to the other party, Rule 37(e)(1); or

2. If the court finds that the party acted with the intent to deprive another party of the information used in the litigation, it may enter default judgment, Rule 37(e)(2).

In the case at bar the Defendants' intent was to deprive Plaintiff of the evidentiary records, they failed to produce any employment records. An entry for default judgment is the proper remedy to avoid reversible error by a court.

### V.  ARGUMENT

The sanction of default judgment is fully warranted here because Defendants acted with the requisite "intent to deprive," and the loss of the evidence has totally and fundamentally impaired Plaintiff's ability to litigate the case. The Federal Courts in Alabama have established that such willful destruction allows for the imposition of default judgment as a sanction and monetary sanctions.

In **Hornady v. Outokumpu Stainless USA**, 572 F. Supp 3d 1162 (S.D. Ala. 2021), and in 2024, the 11ᵗʰ Circuit Court of Appeals **upheld a default judgment** against Outokumpu with large monetary sanctions for the spoliation of documents and discovery violations. The initial monetary award at the District Federal Court was for $13 million, while granting plaintiff's motion for default judgment.

In **Jackson v. Haynes & Haynes PC, et al** ( in the U.S. District Court for the Northern District of Alabama (2016), the court applied the Federal Rule of Civil Procedure 37(e) even when claiming that the records were lost accidentally which is less severe than when a party does not produce or destroy the information to be used in litigation.

In **Residential Funding Corp. v. DeGeorge Fin. Corp.** (in the U.S. Court of Appeals Second Circuit, 2002), the court affirmed its "broad discretion" in crafting sanctions for spoliation of documents with emphasis that any penalties

imposed should be made to provide "prophylactic, punitive, and remedial rationales". The Appeals Court stated:

> *"(2) discovery sanctions, including an adverse inference instruction, may be imposed upon a party that has breached a discovery obligation not only through bad faith or gross negligence, but also **through ordinary negligence**"* (emphasis added).

In **Joshua Edwards, et al. v. 4JLJ, LLC, et al**. (in the United States Court of Appeals, Fifth Circuit 2020), the district court imposed both an adverse inference and a burden-shifting sanction on the employer-defendant for "intentional acts to deprive" the plaintiff of discovery in an FLSA case, pointing the employer's acts to be "willful" acts.

In the case at bar, the Defendants, as employers, had prompt notice and knowledge of the ensuing litigation, and they have a broad duty to preserve evidence with anticipation of litigation, but regardless of it, the Defendants had always the duty to prevent the destruction of potentially relevant evidence, and most of all, any employment records.

The prejudice to the Plaintiff seeking sanctions is considerable, as she was deprived not only of her earned monetary compensation, but 7 years of unlawful usurpation of all of her employment benefits as overtime, vacation time, maternity leave, and any other benefits provided by law during her 7 years as full time hourly

salaried employee of the Defendants, working in the kitchen until the closing late hours of the night, including Sundays. **This type of prejudice cannot be cured in any other way, other than proceeding with a default judgment, and sanctions,** although the negative psychological and mental effect on Plaintiff after 7 years of being deprived of her needed employment benefits, will be hard to erase.

The evidence spoliated by the Defendants is of vital importance for presentation of Plaintiff's claims to the trier of facts.

The spoliating party Defendants intended to destroy unfavorable evidence to themselves. It is evident that the destroyed employment records were favorable for the Plaintiff's case at bar. The Defendants acted with intent to deprive Plaintiff of the use of the information contained in the employment documents and records.

The Defendants intentional refusal to produce, and/or failure to keep Plaintiff's employment records, and/or the destruction of any such records, constitutes an intentional and malicious violation addressed by FRCP Rule 37 (e), as spoliation of evidence, which includes any such employment records and any electronically stored information (ESI), as it is also by Alabama Rule 37(b)(2).

After being sued, the Defendants intentionally refused to produce and/or have destroyed the employment records, which constitutes engaging in intentional and malicious acts to cover unfavorable evidence against the Defendants. The Defendants' acts have significant legal consequences, such as the potential for an

evidentiary inference that the destroyed evidence would have well favored the Plaintiff's claims.

This Honorable Court, and a jury, can be requested to draw adverse inferences, as they can freely assume that the missing records would have been unfavorable to the Defendants' case. The Plaintiff is entitled to receive a default judgment on her favor.

Under FLSA, 29 U.S.C. §211(c) an employer must keep and preserve records of his employees' names, addresses, SS#'s, birthdate, sex, occupation, workweek start time hours worked, daily and weekly hours, wages earned, pay basis, regular rate, overtime, additions/deductions, total wages, payment dates, with other relevant information, and employment conditions, *inter alia*.

The Defendants, after many requests from the Plaintiff, have intentionally failed to produce any documents. Such failure to keep records or destroy records impacts on the Plaintiff's ability to show evidence to a jury on her wage and hours claims, and other labor law claims.

Plaintiff has declared that she had punched time-in-and-out cards, but the Defendants intentionally and maliciously refused to produce and/or has destroyed the cards. The Defendants' violations of the FLSA, as described herein, were always willful and intentional. Plaintiff's weekly work schedule involved working

over 40 hours per week without receiving any overtime pay, for over seven (7) years, but the Defendants destroyed the overtime records and never paid for it.

Plaintiff is also legally entitled to see what type of wage tax forms did the Defendants issue for her wages, and whether she **was misclassified by these Defendants as an independent contractor with a 1099** for tax reporting purposes to the Internal Revenue Service, as the Defendants did with two co-workers salaried employees who with the Plaintiff, were working in the Defendant's restaurant kitchen washing dishes and cooking pizzas until late night hours, including Sundays. The Plaintiff's Complaint, contains, *inter alia*, these claims:

**Claim IV.,** states in part:

The Defendants, jointly and severally, violated FLSA, 29 U.S.C. §211(c) for their failure to keep and preserve any of Plaintiff's employment records of over seven (7) years while working as a non-exempt salaried employee of Defendants.

**Claim V.,** states in part:

The Defendants, jointly and severally, committed malicious acts of spoliation of evidence under FRCP 37 (e), and under ARCP 37 (b) (2), in total disregard of their duty to preserve evidence with anticipation of litigation, and in violation of their duty to prevent the destruction of potentially relevant evidence of employment records.

All other claims are also explained in the Complaint and in its Amendment.

14

## V.   CONCLUSION

The Defendants' intentional destruction of all essential employment records constitutes a severe abuse of the judicial process. The entry of default judgment against the Defendants is the only appropriate sanction to remedy the prejudice caused to Plaintiff and deter such egregious conduct in the future.

**WHEREFORE, PREMISES CONSIDERED**, The Plaintiff respectfully requests that the Court enter a default judgment in favor of the Plaintiff and against the Defendants on all claims and set the matter for a hearing on damages pursuant to Federal Rule of Civil Procedure 55(b)(2).

Respectfully submitted,

*/s/ Vicenta Bonet Smith*
VICENTA BONET SMITH
Attorney for Plaintiffs

Of Counsel:
**BONET & SMITH, PC**
3499 Independence Drive
Birmingham, AL 35209
Telephone:   (205) 870-2222
Fax:             (205) 870-3333
*Vicenta@bonetsmith.com*

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify having served a copy of these documents by electronic filing with the clerk of the Court who will electronically serve all the counsel in this case. Done on the **10th day of January 2026.**

M. Jansen Voss, Esq.
Maggie Clanton Key, Esq.
CHRISTIAN & SMALL, LLP
*mjvoss@csattorneys.com*
*mckey@csattorneys.com*

                                      */s/ Vicenta Bonet Smith*
                                        Of Counsel