FILED

2026 Jan-10  PM 05:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

**MARICRUZ AVALOS,**

     **Plaintiff,**

**v.**

**DE VINCI'S PIZZA, INC., and
JOHN A. DECASTRO DAY,**

     **Defendants.**

**2:2025-CV-00250-JHE**

---

## JOHN A. CASTRO DAY'S RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSIONS

---

John A. Castro Day ("Day" or "Defendant"), responds to Plaintiff's Request for Admissions as follows:

## **GENERAL OBJECTIONS**

The responses and objections set out below are made pursuant to the applicable Rules of Civil Procedure. The Defendant objects to definitions, instructions and discovery requests to the extent same seeks responses, or place conditions, or requirements on responses, beyond that required by the applicable Rules of Civil Procedure.

The responses and objections set out below are made solely for purposes of this action. Each response is subject to all objections as to competence, relevance,

materiality, and admissibility, and any and all other objections and grounds that would require the exclusion of any statement, document, or thing made or produced herein if introduced at trial, all of which objections and grounds are reserved and may be interposed at the time of trial. Any statement herein that documents or things will be produced is a representation of Defendant's willingness to produce such documents or things if they exist and can be located by a reasonable, good faith effort, and not a representation that the documents or things in fact exist.

Any and all previous objections to discovery requests are adopted herein as if reasserted, restated and set out herein. Any and all objections set out herein are made without waiver of, or prejudice to, any additional objections made. All such objections are hereby expressly preserved as is the right to move for a protective order.

## **REQUEST FOR ADMISSIONS**

1.      Admit or deny that the Plaintiff was working as a laborer for the defendant De Vinci's Pizza, Inc. ("DeVinci's").

**RESPONSE:      Admit.**

2.      Admit or deny that you are the owner and executive manager of the DeVinci's business.

**RESPONSE:      Admit.**

3.    Admit or deny that the Plaintiff has been working for the defendant DeVinci's, and for you as owner and manager, during seven (7) years.

**RESPONSE:    Defendant denies Plaintiff worked consecutively for 7 years. Defendant admits that Mr. Day was the manager of De Vinci's throughout Plaintiff's employment. Defendant denies Mr. Day was the owner of De Vinci's for the entire duration of Plaintiff's employment.  Mr. Day has had ownership of De Vinci's for approximately one year from the date of this response.**

4.    Admit or deny that during the 7 years of laboring for DeVinci's the Plaintiff was never promoted.

**RESPONSE:    Denied.**

5.    Admit or deny that under your management at DeVinci's, women are paid less than men for the same type of job performance.

**RESPONSE:    Defendant objects on the grounds this request is vague, overly broad, and overly generalized. Subject to and without waiving said objection, however, denied.**

6.    Admit or deny that during certain periods of time, the Plaintiff was key punching her starting and ending working hours every day of her work by means of a punch card.

**RESPONSE:    Defendant objects to the terms, "keypunched" and "punch card" are vague, ambiguous, and subject to multiple interpretations. Subject to and without waiving said objection, and to the best Defendant understands this request, denied.**

7.    Admit or deny that you have destroyed the cards showing the Plaintiffs' weekly working hours.

**RESPONSE:    Defendant objects to the term "destroyed" on the grounds it implies Defendant intentionally or maliciously destroyed documents contrary to applicable law. Defendant further objects to this request on the grounds it is vague, overly broad, and not limited in time or scope. Subject to and without waiving said objections, however, and considering Defendant's interpretation of "destroyed", Defendant denies it "destroyed" cards showing the Plaintiff's weekly working hours. Defendant admits, however, that it does not have cards showing Plaintiff's weekly working hours.**

8.    Admit or deny that you have spoliated or destroyed the evidence of

Plaintiffs' working hours.

**RESPONSE:    Defendant objects to the terms "spoliated" and "destroyed" on the grounds it implies Defendant intentionally or maliciously destroyed documents contrary to applicable law. Defendant further objects to this request on the grounds it is vague, overly broad, and not limited in time or scope. Subject to and without waiving said objections, however, denied.**

9.    Admit or deny that the Plaintiff was paid in cash all the time.

**RESPONSE:    Defendant admits Plaintiff was paid in cash for the work she provided to the business.**

10.    Admit or deny that the Plaintiff was in many instances required to work

overtime per week as a laborer.

**RESPONSE:    Defendant objects to the phrase, "many instances", on the grounds it is vague, overly broad, ambiguous, and subject to multiple interpretations. Subject to and without waiving said objection, however, denied.**

11.    Admit or deny that the Plaintiff was not paid for overtime for any

additional hours after the forty hours worked each week.

**RESPONSE:    Denied. Plaintiff did not work over 40 hours per week during her employment at De Vinci's.**

12.    Admit or deny that defendant DeVinci's is a business entity operating

seven days per week.

**RESPONSE:        Admit.**

13.    Admit or deny that DeVinci's working hours for its workers are until

late in the evening.

**RESPONSE:        Defendant objects to the phrase, "late in the evening" on the grounds it is vague, overly broad, ambiguous, and subject to multiple interpretations. Subject to and without waiving said objection, however, denied.**

14.    Admit or deny that, during all times material in this case, DeVinci's

was the employer of the Plaintiff.

**RESPONSE:        Defendant objects to the phrase, "at all times material to this case" on the grounds it is vague, overly broad, ambiguous, and subject to multiple interpretations. Subject to and without waiving said objection, however, denied, as phrased. Plaintiff provided labor to the business at various times over the course of 7 years, but Plaintiff was not employed at De Vinci's for 7 consecutive years.**

15.    Admit or deny that the Plaintiff was hired as a laborer on or about seven

(7) years before her termination, and she was and stayed always a non-exempt

employee from overtime.

**RESPONSE:        Defendant objects to this request on the grounds that it is vague, overly broad, cumulative, and confusing. Subject to and without waiving said objection, however, Defendant denies Plaintiff worked at De Vinci's for 7 consecutive years. Defendant admits that Plaintiff has worked for De Vinci's off and on for about 7 years. To the best of Defendant's knowledge, Defendant admits that Plaintiff was a non-exempt employee from overtime. Defendant denies Plaintiff worked overtime hours during her employment at De Vinci's.**

16.     Admit or deny that the Plaintiff has accumulated compensable unpaid overtime during seven (7) years.

**RESPONSE:        Denied.**

17.     Admit or deny that the Plaintiff worked for DeVinci's seven (7) days per week.

**RESPONSE:        Denied.**

18.     Admit or deny that in year 2021 the Plaintiff worked overtime hours.

**RESPONSE:        Denied.**

19.     Admit or deny that in year 2021 the Plaintiff was not paid any overtime.

**RESPONSE:        Defendant objects to this request on the grounds that, as phrased, it implies Plaintiff worked overtime hours. Subject to and without waiving said objection, however, admitted. Plaintiff did not work overtime.**

20.     Admit or deny that in year 2022 Plaintiff worked overtime hours.

**RESPONSE:        Denied.**

21.     Admit or deny that in 2022 the Plaintiff was not paid any overtime.

**RESPONSE:        Defendant objects to this request on the grounds that, as phrased, it implies Plaintiff worked overtime hours. Subject to and without waiving said objection, however, admitted. Plaintiff did not work overtime.**

22.     Admit or deny that in year 2023 the Plaintiff worked overtime hours.

**RESPONSE:        Denied.**

23.     Admit or deny that in 2023 the Plaintiff was not paid any overtime.

**RESPONSE:     Defendant objects to this request on the grounds that, as phrased, it implies Plaintiff worked overtime hours. Subject to and without waiving said objection, however, admitted. Plaintiff did not work overtime.**

24.    Admit or deny that in year 2024 the Plaintiff worked overtime hours.

**RESPONSE:     Denied.**

25.    Admit or deny that in 2024 the Plaintiff was not paid any overtime.

**RESPONSE:     Defendant objects to this request on the grounds that, as phrased, it implies Plaintiff worked overtime hours. Subject to and without waiving said objection, however, admitted. Plainitff did not work overtime.**

26.    Admit or deny that the Plaintiff was terminated from her job at DeVinci's on September 29, 2024.

**RESPONSE:     Defendant objects to the term, "terminated", on the grounds it is vague and subject to multiple interpretations. It is admitted that Plaintiff was let go from her employment on or about September 29, 2024.**

27.    Admit or deny that the Plaintiff was terminated from her job after voicing labor violations against DeVinci's and the defendant Day.

**RESPONSE:     Denied.**

28.    Admit or deny that the Plaintiff is of Hispanic origin.

**RESPONSE:     To the best of Defendant's knowledge, admitted.**

29.    Admit or deny that the Plaintiff was never paid any fringe benefits by DeVinci's.

**RESPONSE:     Denied.**

30.     Admit or deny that the Plaintiff never received any vacation time from DeVinci's.

**RESPONSE:        Denied.**

31.     Admit or deny that the Plaintiff was never compensated for any vacation time.

**RESPONSE:        Defendant objects to this request on the grounds it is duplicative. Subject to and without waiving said objection, however, denied.**

32.     Admit or deny that you did not request the Plaintiff to fill out an I-9 Employment Eligibility Verification form.

**RESPONSE:        Defendant objects to this request on the grounds it seeks information which is irrelevant, immaterial, confidential, and disproportional to the needs of the case. Subject to and without waiving said objection, however, admitted.**

Respectfully submitted,

**_s/ Margaret C. Key_**                              **OF COUNSEL**:
Margaret C. Key                              CHRISTIAN & SMALL LLP
(ASB-7956-U16Z)(CLA128)              505 North 20th Street, Suite 1800
M. Jansen Voss                              Birmingham, Alabama 35203
(ASB-6815-E68V)(VOS001)              T (205) 795-6588  F (205) 328-7234
*Attorneys for De Vinci's Pizza,*              mjvoss@csattorneys.com
*Inc. and John A. DeCastro Day*              mckey@csattorneys.com

## <u>CERTIFICATE OF SERVICE</u>

I certify on May 12, 2025, I served a copy of this document and any attachments on counsel for all parties via electronic mail to:

Vicenta B. Smith
BONET & SMITH, PC
3499 Independence Drive
Birmingham, AL 35209
vicenta@bonetsmith.com
*Attorney for Plaintiff*

<u>***/s/ Margaret C. Key***</u>
**OF COUNSEL**

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

**MARICRUZ AVALOS,**

      **Plaintiff,**

**v.**

**DE VINCI'S PIZZA, INC., and
JOHN A. DECASTRO DAY,**

      **Defendants.**

**2:2025-CV-00250-JHE**

---

## JOHN A. DECASTRO DAY'S  RESPONSE TO PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION

---

John A. Decastro Day ("Day" or "Defendant"), responds to Plaintiff's First Request for Production as follows:

## GENERAL OBJECTIONS

The responses and objections set out below are made pursuant to the applicable Rules of Civil Procedure. The Defendant objects to definitions, instructions and discovery requests to the extent same seeks responses, or place conditions, or requirements on responses, beyond that required by the applicable Rules of Civil Procedure.

The responses and objections set out below are made solely for purposes of this action. Each response is subject to all objections as to competence, relevance,

Page 1 of 6

materiality, and admissibility, and any and all other objections and grounds that would require the exclusion of any statement, document, or thing made or produced herein if introduced at trial, all of which objections and grounds are reserved and may be interposed at the time of trial. Any statement herein that documents or things will be produced is a representation of Defendant's willingness to produce such documents or things if they exist and can be located by a reasonable, good faith effort, and not a representation that the documents or things in fact exist.

Any and all previous objections to discovery requests are adopted herein as if reasserted, restated and set out herein. Any and all objections set out herein are made without waiver of, or prejudice to, any additional objections made. All such objections are hereby expressly preserved as is the right to move for a protective order.

## <u>REQUEST FOR PRODUCTION OF DOCUMENTS<br>AND TANGIBLE THINGS</u>

1. The full copy of the entire personnel file of employee Maricruz Ávalos ("Plaintiff") during her 7 years of employment with these Defendants.

**RESPONSE:** **None.**

2. All the W-2's for employee Plaintiff during her seven (7) years of employment with the Defendants.

**RESPONSE:** **None.**

3.      Copies of the punch-cards showing the work time in and out of employee Plaintiff during the last three (3) years.

**RESPONSE:        None.**

4.      Copies of any fringe benefit's documents provided by the Defendants to employee Plaintiff until the time of her severance.

**RESPONSE:        See De Vinci's response to Plaintiff's First Request for Production of Documents.**

5.      Copies of severance pay accounting documents for employee Plaintiff.

**RESPONSE:        None.**

6.      Copies of paid vacation accounting documents for employee Plaintiff.

**RESPONSE:        None.**

7.      Copies of DeVinci's workers' compensation insurance policies during the last three (3) years prior to Plaintiff's severance.

**RESPONSE:        Defendant objects to this request on the grounds it seeks documents which are irrelevant, immaterial, confidential, and disproportional to the needs of the case. Subject to and without waiving said objection, however, see De Vinci's response to Plaintiff's First Request for Production of Documents.**

8.      Copies of DeVinci's liability insurance policies during the last three (3) years prior to Plaintiff's severance.

**RESPONSE:        Defendant objects to this request on the grounds it seeks documents which are irrelevant, immaterial, confidential, and disproportional to the needs of the case. Subject to and without waiving said objection, however,**

see De Vinci's response to Plaintiff's First Request for Production of Documents.

9.      Copy of all of Defendant's personnel manuals used during the employment of Plaintiff.

**RESPONSE:      Defendant objects to this request on the grounds it is vague and overly broad. Subject to and without waiving said objection, however, none.**

10.      Copies of all DeVincis personnel forms, from hiring to termination.

**RESPONSE:      Defendant objects to this request on the grounds it is vague, overly broad, and not limited in time or scope. Defendant further objects to the extent it seeks documents which are irrelevant, immaterial, confidential, and disproportional to the needs of the case. Subject to and without waiving said objections, however, none.**

11.      Copies of the application for employment forms.

**RESPONSE:      Defendant objects to this request on the grounds it is vague, overly broad, and not limited in time or scope. Defendant further objects to the extent it seeks documents which are irrelevant, immaterial, confidential, and disproportional to the needs of the case. Subject to and without waiving said objections, however, none.**

12.      Copies of any salary payment checks, or other instrument payable to employee Plaintiff for her work for Defendants during the last three (3) years prior to Plaintiff's severance.

**RESPONSE:      None.**

13.      Copies of any written disciplinary action against employee Plaintiff.

**RESPONSE:      None.**

14.      Copies of the discharge documents with its accounting for Plaintiff.

**RESPONSE:      None.**

15.    Copies of any photographs taken from employee Plaintiff at any time during her employment with Defendants, and/or at the time of her termination.

**RESPONSE:      See De Vinci's response to Plaintiff's First Request for Production of Documents.**

16.    Produce and permit the requesting parties, employee Plaintiff, or her representative to inspect, copy, test, or sample the following items in responding party's possession, custody or control, of any designated documents and any designated tangible things or electronically stored information, including writings, charts, photographs, drawings, graphs, sound recording, images, films, and other data or data-compilation, for any and all documents and tangible things related in any manner or form to the time of employment and termination of the Plaintiff.

**RESPONSE:      Defendant objects to this request on the grounds that it is vague, confusing, unreasonably cumulative, unduly burdensome, and not limited in time or scope. Defendant further objects to the extent it seeks documents which are irrelevant, immaterial, and disproportional to the needs of the case. Defendant further objects to this request on the grounds that, as phrased, it could be interpreted to seek documents which are privileged, confidential, attorney work product, or information prepared in anticipation of litigation.**

Respectfully submitted,

<u>**s/ Margaret C. Key**</u>

M. Jansen Voss
(ASB-6815-E68V)(VOS001)
Margaret C. Key
(ASB-7956-U16Z)(CLA128)
*Attorneys for De Vinci's Pizza,*
*Inc. and John A. DeCastro Day*

**OF COUNSEL**:

CHRISTIAN & SMALL LLP
505 North 20th Street, Suite 1800
Birmingham, Alabama 35203
T (205) 795-6588  F (205) 328-7234
mjvoss@csattorneys.com
mckey@csattorneys.com

## **CERTIFICATE OF SERVICE**

I certify on May 15, 2025, I served a copy of this document and any attachments on counsel for all parties via electronic filing or by placing same in the United States Mail, properly addressed and first-class postage prepaid to:

Vicenta B. Smith
BONET & SMITH, PC
3499 Independence Drive
Birmingham, AL 35209
vicenta@bonetsmith.com
*Attorneys for Plaintiff*

*/s/ Margaret C. Key*
**OF COUNSEL**

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

**MARICRUZ AVALOS,**

     **Plaintiff,**

**v.**

**DE VINCI'S PIZZA, INC., and
JOHN A. DECASTRO DAY,**

     **Defendants.**

**2:2025-CV-00250-JHE**

---

## DE VINCI'S PIZZA, INC.'S  RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION

---

John A. Decastro Day ("Day" or "Defendant"), responds to Plaintiff's First Interrogatories as follows:

## <u>GENERAL OBJECTIONS</u>

The responses and objections set out below are made pursuant to the applicable Rules of Civil Procedure. The Defendant objects to definitions, instructions and discovery requests to the extent same seeks responses, or place conditions, or requirements on responses, beyond that required by the applicable Rules of Civil Procedure.

The responses and objections set out below are made solely for purposes of this action. Each response is subject to all objections as to competence, relevance,

materiality, and admissibility, and any and all other objections and grounds that would require the exclusion of any statement, document, or thing made or produced herein if introduced at trial, all of which objections and grounds are reserved and may be interposed at the time of trial. Any statement herein that documents or things will be produced is a representation of Defendant's willingness to produce such documents or things if they exist and can be located by a reasonable, good faith effort, and not a representation that the documents or things in fact exist.

Any and all previous objections to discovery requests are adopted herein as if reasserted, restated and set out herein. Any and all objections set out herein are made without waiver of, or prejudice to, any additional objections made. All such objections are hereby expressly preserved as is the right to move for a protective order.

## **INTERROGATORIES**

*Prior to answering these Interrogatories, state whether you have made inquiry of the officers, servants, and employees of De Vinci's Pizza, Inc. and have referred to documents, correspondence, memoranda, records, and other papers in the possession of De Vinci's Pizza, Inc., as will unable [sic] you, as the signer of these Interrogatories, to make full, complete, and true answers to the following Interrogatories. Please answer this question:*

**RESPONSE:    Defendant objects to this unnumbered interrogatory on the grounds it seeks information which is privileged, confidential, attorney work product, or information prepared in anticipation of litigation. Subject to and without waiving said objection, however, these responses were prepared from Defendant's first-hand knowledge and with the assistance of counsel.**

1.    Your full name, date of birth, driver's license number, and Social Security number.

**ANSWER: John Albert DeCastro Day**
      **DOB: ███61**
      **License Number: AL ██████**
      **SSN: xxx-xx-1727. Defendant's counsel will provide Defendant's full social security number via telephone.**

2.    State the name and address of all the places of employment you held during the last 15 years, stating dates, and your job title/duties.

**ANSWER: Defendant has been the manager of De Vinci's during the last 15 years. Defendant is currently the owner of De Vinci's.**

3.    Describe if you have ever testified in a deposition or testified for any judicial proceeding. Please state the parties involved, case number, and the subject matter of the litigation.

**ANSWER: Defendant objects to this interrogatory on the grounds it seeks information which is irrelevant, immaterial, confidential, and disproportional to the needs of the case. Subject to and without waiving said objection, Defendant responds as follows:**

**The State of Alabama v. John Albert Decastro Day**
**CC-1990-000002**
**The case was related to the alleged violation of Ala. Code § 8-6-17.**

**Anna Engler v. De Vinci's Pizza, Inc. and John A. Day**

**2:21-cv-00232-KOB**
**The case was related to the alleged violation of the Fair Labor Standards Act.**

4.     Describe if you have been a party to any lawsuit civil or criminal, and

state for each lawsuit if you were the plaintiff or the defendant, the case number, the

caption of the lawsuit, and the outcome of the case.

**ANSWER: Defendant objects to this interrogatory on the grounds it seeks information which is irrelevant, immaterial, confidential, and disproportional to the needs of the case. Defendant further objects to the extent it seeks information which is publicly available to the Plaintiff. Subject to and without waiving said objections, the Defendant responds as follows:**

**The State of Alabama v. John Albert Decastro Day**
**CC-1990-000002**
**The case was related to the alleged violation of Ala. Code § 8-6-17**
**A plea agreement was reached.**

**Anna Engler v. De Vinci's Pizza, Inc. and John A. Day**
**2:21-cv-00232-KOB**
**The case was related to the alleged violation of the Fair Labor Standards Act. The case settled.**

5.     Describe if you have ever been accused and/or sued for civil fraud, and

provide the date(s), name of the parties involved in any of the proceedings, and the

full outcome of the case.

**ANSWER: Defendant objects to this interrogatory on the grounds it is not limited in time or scope and it seeks information which is irrelevant, immaterial, confidential, and disproportional to the needs of the case. Subject to and without waiving said objection, please see response to Interrogatory 4.**

4

6.      Describe if you have ever been arrested, accused and/or charged for criminal fraud, and provide the dates, court name, police district, names of the parties involved in any of the proceedings, and the full and final outcome of the case.

**ANSWER: Defendant objects to this interrogatory on the grounds it is not limited in time or scope and it seeks information which is irrelevant, immaterial, confidential, and disproportional to the needs of the case. Subject to and without waiving said objection, please see response to Interrogatory 4.**

7.      If you have been ever found guilty of criminal fraud, provide the name of the court, date(s), number of counts, description of each count, and the court's sentence.

**ANSWER: Defendant objects to this interrogatory on the grounds it is overly broad, not limited in time or scope, and it seeks information which is irrelevant, immaterial, confidential, and disproportional to the needs of the case. Defendant further objects on the grounds this information is publicly available to the Plaintiff. Subject to and without waiving said objections, please see response to Interrogatory 4.**

8.      If you have ever been arrested, charged with, pled guilty to, or have been convicted of any crime, state the nature of each offense, and the county and the state in which each case was pending.

**ANSWER: Defendant objects to this interrogatory on the grounds it is not limited in time or scope and it seeks information which is irrelevant, immaterial, confidential, and disproportional to the needs of the case. Defendant further objects on the grounds this information is publicly available to the Plaintiff. Subject to and without waiving said objections, please see response to Interrogatory 4.**

9.      Describe any lawsuits against you and/or De Vinci's Pizza by a server, employee, worker, laborer, or an independent contractor, explaining the reasons, name of the parties, case number, and the full and final outcome of the case.

**ANSWER: Defendant objects to this interrogatory on the grounds it is not limited in time or scope and it seeks information which is irrelevant, immaterial, confidential, and disproportional to the needs of the case. Defendant further objects on the grounds this information is publicly available to the Plaintiff. Subject to and without waiving said objections, please see response to Interrogatory 4.**

10.     Have you and/or De Vinci's Pizza been sued by an employee, laborer, server, and/or contractor, related to wages, or for short payment of wages, or deficient payment for any work perform on your behalf or on behalf of De Vinci's Pizza? Please describe the parties, the case number and the full and final outcome of the case.

**ANSWER: Defendant objects to this interrogatory on the grounds it is duplicative, not limited in time or scope, and it seeks information which is irrelevant, immaterial, confidential, and disproportional to the needs of the case. Defendant further objects on the grounds this information is publicly available to the Plaintiff. Subject to and without waiving said objections, please see response to Interrogatory 4.**

11.     Since you want to claim that you terminated the employment of the Plaintiff for economic reasons of low business revenue, please provide the De Vinci's Pizza tax returns for the 36 months preceding Plaintiff' severance from her job at De Vinci's Pizza place.

**ANSWER: Defendant objects to this request on the grounds it not limited to the time period relevant to this case and seeks information which is confidential and disproportional to the needs of the case. Subject to and without waiving said objection, however, Defendant is working to obtain the requested information and may supplement this request at a later date.**

12. Have you ever misclassified an employee at De Vinci's Pizza by providing to him a 1099's tax form as if he were an independent contractor?

**ANSWER: Defendant objects to this interrogatory on the grounds it is vague, not limited in time or scope, and it seeks information which is irrelevant, immaterial, confidential, and disproportional to the needs of the case. Subject to and without waiving said objection, however, Defendant has not misclassified workers.**

13. If you misclassified an employee, were any of the 1099's inflated by larger amounts than the amount truly received by the misclassified employee?

**ANSWER: Defendant objects to this interrogatory on the grounds it is vague, not limited in time or scope, and it seeks information which is irrelevant, immaterial, confidential, and disproportional to the needs of the case. Subject to and without waiving said objection, however, Defendant has not misclassified workers.**

14. Please provide the name of all misclassified workers who were improperly classified as an "independent contractor".

**ANSWER: Defendant objects to this interrogatory on the grounds it is not limited in time or scope and it seeks information which is irrelevant, immaterial, confidential, and disproportional to the needs of the case. Defendant objects to identifying any individuals that are not named in this Complaint or related to this Complaint as it infringes on an individual's right to privacy afforded by state and federal constitutions. Subject to and without waiving said objections, however, Defendant has not misclassified workers.**

15.    If you have misclassified any worker as an independent contractor, did you explain to him his responsibility to pay his own self-employment taxes, to cover his Social Security, Medicare, and Federal and State taxes?

**ANSWER: Defendant objects to this interrogatory on the grounds it is not limited in time or scope and it seeks information which is irrelevant, immaterial, confidential, and disproportional to the needs of the case. Subject to and without waiving said objection, however, Defendant has not misclassified workers.**

16.    Are you aware that misclassifying a worker as a 1099's contractor when he should be classified as an employee can result in penalties, back taxes, and legal issues for the business issuing such 1099's?

**ANSWER: Defendant objects to this interrogatory on the grounds it is meant to harass and/or embarrass the Defendant. Defendant further objects to the extent it seeks information which is irrelevant, immaterial, confidential, and disproportional to the needs of the case. Subject to and without waiving said objections, however, Defendant is aware.**

17.    If you have misclassified any worker as a 1099's contractor, did you inform the worker that he will not have Workers' Compensation coverage in case of a work accident?

**ANSWER: Defendant objects to this interrogatory on the grounds it is not limited in time or scope and it seeks information which is irrelevant, immaterial, confidential, and disproportional to the needs of the case. Subject to and without waiving said objection, however, Defendant has not misclassified workers.**

18.    Were you making any withholdings from the W-2's employees of De Vinci's Pizza, including, but not limited to Plaintiff?. If not, why did you not.

8

**ANSWER: Defendant objects to this interrogatory on the grounds it is not limited in time or scope and it seeks information which is irrelevant, immaterial, confidential, and disproportional to the needs of the case. Subject to and without waiving objection, no. Defendant paid the Plaintiff in cash.**

19.    Have you, or your De Vinci's Pizza had a problem with the Internal Revenue Service related to improper payment or non-payment of tax to any government. If so, please explain the circumstances with dates.

**ANSWER: Defendant objects to this interrogatory on the grounds it is meant to harass and/or embarrass the Defendant. Defendant further objects to this interrogatory on the grounds it is not limited in time or scope and it seeks information which is irrelevant, immaterial, confidential, and disproportional to the needs of the case. Subject to and without waiving said objections, no.**

20.    The Plaintiff claims, and has witnesses for it, that she worked full time, seven (7) days per week, till late at night, during each of the years 2021, 2022, 2023, and 2024. What is your motive, reason or proof to contradict her evidence by improperly saying that she did not work for De Vinci's Pizza during the year 2022?

**ANSWER: Defendant objects to this interrogatory on the grounds it is meant to harass and/or embarrass the Defendant. Defendant further objects to this interrogatory on the grounds it attempts to shift the burden of proof. It is the Plaintiff's burden to prove her claims, not the Defendant's. Subject to and without waiving said objections, it is the Defendant's personal knowledge that Plaintiff did not work at De Vinci's in 2022 and that she did not work 7 days a week.**

21.    The Plaintiff delivered a child prior to year 2021, who was born prematurely. Why did you not provide to her any maternity paid leave?

**ANSWER: Defendant objects to this request on the grounds that it improperly implies Defendant was required by law to provide Plaintiff with paid maternity**

**leave. Defendant further objects to the extent it seeks information which is irrelevant, immaterial, confidential, and disproportional to the needs of the case. Subject to and without waiving said objections, Plaintiff was not working at De Vinci's at the time of her delivery.**

22.    The Plaintiff swears and affirms that De Vinci's Pizza never gave, nor paid any vacation time to her, and that the statements made on the subject are not true. Please provide the dates and the amounts, if any, and any supporting checks or documents.

**ANSWER:  Defendant does not know the dates of Plaintiff's paid vacation time and does not have any of the requested documents.**

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

JOHN A. DECASTRO DAY
For De Vinci's Pizza

STATE OF _Alabama_                )

COUNTY OF _Jefferson_             )


I, the undersigned Notary Public, in and for said County and State, hereby certify that _John Day_____, whose name is signed to the foregoing instrument, and who is known to me, acknowledged before me on this day that, being informed of the contents of the instrument, executed the same voluntarily on this date.

Given under my hand and Official Seal on this the _16th_ day of _June_____ 2025:


NOTARY PUBLIC
My Commission Expires: _3|14|29_


Respectfully submitted,

_s/ Margaret C. Key_
M. Jansen Voss
(ASB-6815-E68V)(VOS001)
Margaret C. Key
(ASB-7956-U16Z)(CLA128)
*Attorneys for De Vinci's Pizza,*
*Inc. and John A. DeCastro Day*

**OF COUNSEL**:
CHRISTIAN & SMALL LLP
505 North 20th Street, Suite 1800
Birmingham, Alabama 35203
T (205) 795-6588  F (205) 328-7234
mjvoss@csattorneys.com
mckey@csattorneys.com

11

## **CERTIFICATE OF SERVICE**

I certify on June 16, 2025, I served a copy of this document and any attachments on counsel for all parties via electronic mail to:

Vicenta B. Smith
BONET & SMITH, PC
3499 Independence Drive
Birmingham, AL 35209
vicenta@bonetsmith.com
*Attorneys for Plaintiff*

                                  ***/s/ Margaret C. Key***
                                    **OF COUNSEL**

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **MARICRUZ AVALOS,** | |
| **Plaintiff,** | |
| **v.** | **2:2025-CV-00250-JHE** |
| **DE VINCI'S PIZZA, INC., and JOHN A. DECASTRO DAY,** | |
| **Defendants.** | |

## DEFENDANT JOHN DAY'S RESPONSE TO PLAINTIFF'S SECOND REQUESTS FOR ADMISSION

1.      Admit or deny that you have misclassified Rene Nolasco (alias René Nolasco Medel) as an independent contractor, although he was a kitchen employee at De Vinci's Pizza, Inc., issuing on him a 1099 tax return instead of a W-2.

**RESPONSE:    Defendant objects on the grounds that this request is irrelevant, immaterial, confidential, and disproportional to the needs of the case. Defendant further objects on the grounds it is not limited in time or scope. Subject to and without waiving said objections, however, Defendant does not remember whether he issued Rene Nolasco a 1099 during the course of his employment at De Vinci's. As such, Defendant can neither admit, nor deny this request.**

2.      Admit or deny that you have sold the business know as De Vinci's Pizza, Inc. ("Business") for an amount of money in U.S dollars.

**RES PONSE:**     **Denied. The business, De Vinci's Pizza, Inc., has been closed.**

3.     Admit or deny that you have sold the building where De Vinci's Pizza, Inc. was operating and/or doing business, located at 2707 18th St. South, Birmingham, AL 35209 ("Building") for an amount of money in U.S. dollars.

**RESPONSE:**     **Admitted.**

4.     Admit or deny that: 1) You have received the money from the selling of the Business, and 2) that you have received the money from the selling of the Building.

**RESPONSE:     Defendant denies he sold the business and denies that he received money from selling the business. Defendant admits he received money for selling the building.**


Respectfully submitted,

*s/ Margaret C. Key*                            **OF COUNSEL**:
Margaret C. Key                                   CHRISTIAN & SMALL LLP
(ASB-7956-U16Z)(CLA128)              505 North 20th Street, Suite 1800
M. Jansen Voss                                    Birmingham, Alabama 35203
(ASB-6815-E68V)(VOS001)              T (205) 795-6588  F (205) 328-7234
*Attorneys for De Vinci's Pizza,*           mjvoss@csattorneys.com
*Inc. and John A. DeCastro Day*          mckey@csattorneys.com

## <u>CERTIFICATE OF SERVICE</u>

I certify on November 13, 2025, I served a copy of this document and any attachments on counsel for all parties via email:

Vicenta B. Smith
BONET & SMITH, PC
3499 Independence Drive
Birmingham, AL 35209
vicenta@bonetsmith.com
*Attorneys for Plaintiff*

> <u>***/s/ Margaret C. Key***</u>
> **OF COUNSEL**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

**MARICRUZ AVALOS,**

      **Plaintiff,**

**v.**

**DE VINCI'S PIZZA, INC., and
JOHN A. DECASTRO DAY,**

      **Defendants.**

**2:2025-CV-00250-JHE**

---

### JOHN DAY'S RESPONSE TO PLAINTIFF'S
### SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

---

    1.    Produce a copy of all the 1099's that De Vincis Pizza, LLC, and/or John

De Castro Day issued or produced to Kesler Chávez.

**RESPONSE:**    **Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and not limited in time or scope. Defendant further objects to the extent it seeks documents which are irrelevant, immaterial, confidential, and disproportional to the needs of the case. Subject to and without waiving said objections, however, Defendant does not have the requested documents in his possession.**

    2.    Produce a copy of all the 1099's that De Vincis Pizza, LLC, and/or John

De Castro Day issued or produced to Gamaliel Meza.

**RESPONSE:**    **Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and not limited in time or scope. Defendant**

**further objects to the extent it seeks documents which are irrelevant, immaterial, confidential, and disproportional to the needs of the case. Subject to and without waiving said objections, however, Defendant does not have the requested documents in his possession.**

3.      Produce a copy of all the 1099's that De Vincis Pizza, LLC. and/or John

De Castro Day issued or produced to Rene Nolasco.

**RESPONSE:      Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and not limited in time or scope. Defendant further objects to the extent it seeks documents which are irrelevant, immaterial, confidential, and disproportional to the needs of the case. Subject to and without waiving said objections, however, Defendant does not have the requested documents in his possession.**

4.      Produce a copy of all the 1099's to the workers of De Vincis Pizza, LLC

issued or produced to the IRS for tax purposes during the last ten (10) years.

**RESPONSE:      Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and not limited in time or scope. Defendant further objects to the extent it seeks documents which are irrelevant, immaterial, confidential, and disproportional to the needs of the case. Subject to and without waiving said objections, however, Defendant does not have the requested documents in his possession.**

Respectfully submitted,

_s/ Margaret C. Key_                          **OF COUNSEL**:
M. Jansen Voss                               CHRISTIAN & SMALL LLP
(ASB-6815-E68V)(VOS001)                      505 North 20th Street, Suite 1800
Margaret C. Key                              Birmingham, Alabama 35203
(ASB-7956-U16Z)(CLA128)                      T (205) 795-6588  F (205) 328-7234
_Attorneys for De Vinci's Pizza,_            mjvoss@csattorneys.com
_Inc. and John A. DeCastro Day_              mckey@csattorneys.com

## <u>CERTIFICATE OF SERVICE</u>

I certify on November 13, 2025, I served a copy of this document and any attachments on counsel for all parties via electronic mail to:

Vicenta B. Smith
BONET & SMITH, PC
3499 Independence Drive
Birmingham, AL 35209
vicenta@bonetsmith.com
*Attorneys for Plaintiff*

<u>*/s/ Margaret C. Key*</u>
**OF COUNSEL**

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

**MARICRUZ AVALOS,**

     **Plaintiff,**

**v.**

**DE VINCI'S PIZZA, INC., and
JOHN A. DECASTRO DAY,**

     **Defendants.**

**2:2025-CV-00250-JHE**

---

### JOHN DAY'S RESPONSE TO PLAINTIFF'S
### SECOND SET OF INTERROGATORIES

---

1.     If Kesler Chávez claims that on account of the improper 1099 you gave to him he has been summoned and penalized by the Internal Revenue Service ("IRS") and is paying installments of monies to the IRS to avoid incarceration for fraud when he properly tried to do his tax returns at the rate of the $18.00 per hour. Do you have any basis for not admitting that the true hourly rate paid to Kesler Chávez was $18.00?

**RESPONSE:**     **Defendant agrees Kesler Chávez was paid $18 an hour.**

2.     If Gamaliel Meza strongly claims that he confronted you on the issue of the 1099's issued on him reflecting more money than he was paid as an hourly

employee while working at De Vinci's, what is your basis to deny Gamaliel Meza's claim?

**RESPONSE:     Defendant denies Gamaliel Meza confronted the Defendant on any issue related to a 1099.**

3.     What is your basis for Gamaliel Meza not to complain in seeing that you gave him a 1099 containing an amount of money he did not make working for De Vinci's Pizza?

**RESPONSE:     Defendant provided a 1099 at Gameliel Meza's request and for the amount Mr. Meza requested.**

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

_____
JOHN A. DECASTRO DAY
For De Vinci's Pizza

STATE OF _____)

COUNTY OF _____)


      I, the undersigned Notary Public, in and for said County and State, hereby certify that _____, whose name is signed to the foregoing instrument, and who is known to me, acknowledged before me on this day that, being informed of the contents of the instrument, executed the same voluntarily on this date.

Given under my hand and Official Seal on this the _____day of _____2025:


_____
NOTARY PUBLIC
My Commission Expires: _____


Respectfully submitted,

**_s/ Margaret C. Key_**               **OF COUNSEL**:
M. Jansen Voss                    CHRISTIAN & SMALL LLP
(ASB-6815-E68V)(VOS001)            505 North 20th Street, Suite 1800
Margaret C. Key                   Birmingham, Alabama 35203
(ASB-7956-U16Z)(CLA128)            T (205) 795-6588  F (205) 328-7234
*Attorneys for De Vinci's Pizza,*   mjvoss@csattorneys.com
*Inc. and John A. DeCastro Day*     mckey@csattorneys.com


\

3

## <u>CERTIFICATE OF SERVICE</u>

I certify on November 13, 2025, I served a copy of this document and any attachments on counsel for all parties via electronic mail to:

Vicenta B. Smith
BONET & SMITH, PC
3499 Independence Drive
Birmingham, AL 35209
vicenta@bonetsmith.com
*Attorneys for Plaintiff*

<u>*/s/ Margaret C. Key*</u>
**OF COUNSEL**