FILED

2026 Jan-10  PM 05:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

|  |  |
|---|---|
| **MARICRUZ AVALOS,** | |
| **Plaintiff,** | |
| **v.** | **2:2025-CV-00250-JHE** |
| **DE VINCI'S PIZZA, INC., and JOHN A. DECASTRO DAY,** | |
| **Defendants.** | |

## DE VINCI'S PIZZA, INC.'S  RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSIONS

De Vinci's Pizza, Inc. ("De Vinci's" or "Defendant"), responds to Plaintiff's Request for Admissions as follows:

### GENERAL OBJECTIONS

The responses and objections set out below are made pursuant to the applicable Rules of Civil Procedure. The Defendant objects to definitions, instructions and discovery requests to the extent same seeks responses, or place conditions, or requirements on responses, beyond that required by the applicable Rules of Civil Procedure.

The responses and objections set out below are made solely for purposes of this action. Each response is subject to all objections as to competence, relevance,

materiality, and admissibility, and any and all other objections and grounds that would require the exclusion of any statement, document, or thing made or produced herein if introduced at trial, all of which objections and grounds are reserved and may be interposed at the time of trial. Any statement herein that documents or things will be produced is a representation of Defendant's willingness to produce such documents or things if they exist and can be located by a reasonable, good faith effort, and not a representation that the documents or things in fact exist.

Any and all previous objections to discovery requests are adopted herein as if reasserted, restated and set out herein. Any and all objections set out herein are made without waiver of, or prejudice to, any additional objections made. All such objections are hereby expressly preserved as is the right to move for a protective order.

## **REQUEST FOR ADMISSIONS**

1.    Admit or deny that the Plaintiff was working as a laborer at the business premises of the defendant DeVinci's.

**RESPONSE:        Admit.**

2.    Admit or deny that defendant John A. Decastro Day is the owner and executive manager of Devinci's.

**RESPONSE:        Admit.**

3.     Admit or deny that the Plaintiff has been working for DeVinci's in the same job position during seven (7) years.

**RESPONSE:        Denied.**

4.     Admit or deny that during the years of laboring for DeVinci's, the Plaintiff was never promoted.

**RESPONSE:        Denied.**

5.     Admit or deny that under the management at DeVinci's, the women are paid less than men for the same type of job performance.

**RESPONSE:        Defendant objects on the grounds this request is vague, overly broad, and overly generalized. Subject to and without waiving said objection, however, denied.**

6.     Admit or deny that Plaintiff has for some periods of time keypunched her starting and ending working hours of the day of her work by means of a punch card machine.

**RESPONSE:        Defendant objects to the terms, "keypunched" and "punch card machine" are vague, ambiguous, and subject to multiple interpretations. Subject to and without waiving said objection, and to the best Defendant understands this request, denied.**

7.     Admit or deny that you have destroyed the cards showing the Plaintiff's weekly working hours.

**RESPONSE:        Defendant objects to the term "destroyed" on the grounds it implies Defendant intentionally or maliciously destroyed documents contrary to applicable law. Defendant further objects to this request on the grounds it is vague, overly broad, and not limited in time or scope. Subject to and without waiving said objections, however, and considering Defendant's interpretation**

of "destroyed", Defendant denies it "destroyed" cards showing the Plaintiff's weekly working hours. Defendant admits, however, that it does not have cards showing Plaintiff's weekly working hours.

8.      Admit or deny that you have spoliated or destroyed the evidence of

Plaintiff's working hours.

**RESPONSE:      Defendant objects to the terms "spoliated" and "destroyed" on the grounds it implies Defendant intentionally or maliciously destroyed documents contrary to applicable law. Defendant further objects to this request on the grounds it is vague, overly broad, and not limited in time or scope. Subject to and without waiving said objections, however, denied.**

9.      Admit or deny that the Plaintiff was paid in cash all the time.

**RESPONSE:      Defendant admits it paid Plaintiff in cash for the work she provided to the business.**

10.      Admit or deny that the Plaintiff was in many instances required to work

overtime in the kitchen.

**RESPONSE:      Defendant objects to the phrase, "many instances", on the grounds it is vague, overly broad, ambiguous, and subject to multiple interpretations. Subject to and without waiving said objection, however, denied.**

11.      Admit or deny that the Plaintiff was not paid for overtime for any

additional hours after the forty hours worked each week.

**RESPONSE:      Denied. Plaintiff did not work over 40 hours per week during her employment at De Vinci's.**

12.      Admit or deny that DeVinci's is a business entity operating seven (7)

days per week.

**RESPONSE:      Admit.**

13.    Admit or deny DeVinci's working hours for its workers are until late in the evening hours.

**RESPONSE:    Defendant objects to the phrase, "late in the evening hours" on the grounds it is vague, overly broad, ambiguous, and subject to multiple interpretations. Subject to and without waiving said objection, however, denied.**

14.    Admit or deny that, during all times material in this case, DeVinci's was the employer of the Plaintiff, and defendant John A. DeCastro Day the owner and manager of the business.

**RESPONSE:    Defendant objects to this request on the grounds it is cumulative. Defendant further objects to the phrase, "at all times material to this case" on the grounds it is vague, overly broad, ambiguous, and subject to multiple interpretations. Subject to and without waiving said objections, however, Defendant admits Plaintiff provided labor to the business at various times over the last 7 years. Defendant admits Mr. Day has been the manager of De Vinci's for the last 7 years. Defendant denies Mr. Day was the owner of De Vinci's for the last 7 years. Mr. Day has had ownership of De Vinci's for approximately one year from the date of this response.**

15.    Admit or deny that the Plaintiff was hired by DeVinci's as a laborer on or about seven (7) years ago and she was during all the time a non-exempt employee from overtime.

**RESPONSE:    Defendant objects to this request on the grounds that it is vague, overly broad, cumulative, and confusing. Subject to and without waiving said objection, however, Defendant denies Plaintiff worked at De Vinci's for 7 consecutive years. Defendant admits that Plaintiff has worked for De Vinci's off and on for about 7 years. To the best of Defendant's knowledge, Defendant admits that Plaintiff was a non-exempt employee from overtime. Defendant denies Plaintiff worked overtime hours during her employment at De Vinci's.**

16.    Admit or deny that Plaintiff has accumulated compensable unpaid overtime during about seven (7) years.

**RESPONSE:        Denied.**

17.    Admit or deny that the Plaintiff was working for DeVinci's seven days per week.

**RESPONSE:        Denied.**

18.    Admit or deny that during the year 2021 the Plaintiff worked overtime hours.

**RESPONSE:        Denied.**

19.    Admit or deny that during the year 2022 the Plaintiff worked overtime hours.

**RESPONSE:        Denied.**

20.    Admit or deny that during the year 2023 the Plaintiff worked overtime hours.

**RESPONSE:        Denied.**

21.    Admit or deny that during the year 2024 the Plaintiff worked overtime hours.

**RESPONSE:        Denied.**

22.    Admit or deny that in 2021 the Plaintiff was not paid any overtime.

**RESPONSE:      Defendant objects to this request on the grounds that, as phrased, it implies Plaintiff worked overtime hours. Subject to and without waiving said objection, however, admitted. Plaintiff did not work overtime.**

23.    Admit or deny that in 2022 the Plaintiff was not paid any overtime.

**RESPONSE:      Defendant objects to this request on the grounds that, as phrased, it implies Plaintiff worked overtime hours. Subject to and without waiving said objection, however, admitted. Plaintiff did not work overtime.**

24.    Admit or deny that in 2023 the Plaintiff was not paid any overtime.

**RESPONSE:      Defendant objects to this request on the grounds that, as phrased, it implies Plaintiff worked overtime hours. Subject to and without waiving said objection, however, admitted. Plaintiff did not work overtime.**

25.    Admit or deny that in 2024 the Plaintiff was not paid any overtime.

**RESPONSE:      Defendant objects to this request on the grounds that, as phrased, it implies Plaintiff worked overtime hours. Subject to and without waiving said objection, however, admitted. Plaintiff did not work overtime.**

26.    (improperly numbered as #25) Admit or deny that the Plaintiff was terminated by defendant John A. DeCastro Day from her job at DeVinci's on September 29, 2024.

**RESPONSE:      Defendant objects to the term, "terminated", on the grounds it is vague and subject to multiple interpretations. It is admitted that Plaintiff was let go from her employment on or about September 29, 2024.**

27.    (improperly numbered as #26) Admit or deny that the Plaintiff was terminated from their job for voicing the fact that she was neither being paid overtime, nor any fringe benefits or vacation time.

**RESPONSE:      Denied.**

28.    (improperly numbered as #27) Admit or deny that the Plaintiff is of Hispanic origin.

**RESPONSE:    To the best of Defendant's knowledge, admitted.**

29.    (improperly numbered as #28) Admit or deny that the Plaintiff never received any fringe benefits from DeVinci's.

**RESPONSE:    Denied.**

30.    (improperly numbered as #29) Admit or deny that the Plaintiff never received any vacation time during the seven (7) years working for DeVinci's.

**RESPONSE:    Denied. Defendant further denies Plaintiff worked at De Vinci's for 7 consecutive years.**

31.    (improperly numbered as #30) Admit or deny that the Plaintiff was never compensated for any vacation time.

**RESPONSE:    Defendant objects to this request on the grounds it is duplicative. Subject to and without waiving said objections, however, denied.**

32.    (improperly numbered as #31) Admit or deny that neither defendant DeVinci's nor defendant John A. DeCastro Day had ever requested the Plaintiff to fill out for herself an I-9 Employment Eligibility Verification form.

**RESPONSE:    Defendant objects to this request on the grounds it seeks information which is irrelevant, immaterial, confidential, and disproportional to the needs of the case. Subject to and without waiving said objection, however, admitted.**

Respectfully submitted,

**_s/ Margaret C. Key_**
Margaret C. Key
(ASB-7956-U16Z)(CLA128)
M. Jansen Voss
(ASB-6815-E68V)(VOS001)
*Attorneys for De Vinci's Pizza,*
*Inc. and John A. DeCastro Day*

**OF COUNSEL**:
CHRISTIAN & SMALL LLP
505 North 20th Street, Suite 1800
Birmingham, Alabama 35203
T (205) 795-6588  F (205) 328-7234
mjvoss@csattorneys.com
mckey@csattorneys.com

## **CERTIFICATE OF SERVICE**

I certify on May 12, 2025, I served a copy of this document and any attachments on counsel for all parties via electronic mail to:

Vicenta B. Smith
BONET & SMITH, PC
3499 Independence Drive
Birmingham, AL 35209
vicenta@bonetsmith.com
*Attorney for Plaintiff*

**_/s/ Margaret C. Key_**
**OF COUNSEL**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

**MARICRUZ AVALOS,**

    **Plaintiff,**

**v.**

**DE VINCI'S PIZZA, INC., and
JOHN A. DECASTRO DAY,**

    **Defendants.**

**2:2025-CV-00250-JHE**

---

## DE VINCI'S PIZZA, INC.'S  RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION

---

De Vinci's Pizza, Inc. ("De Vinci's" or "Defendant"), responds to Plaintiff's First Interrogatories and Request for Production as follows:

## GENERAL OBJECTIONS

The responses and objections set out below are made pursuant to the applicable Rules of Civil Procedure. The Defendant objects to definitions, instructions and discovery requests to the extent same seeks responses, or place conditions, or requirements on responses, beyond that required by the applicable Rules of Civil Procedure.

The responses and objections set out below are made solely for purposes of this action. Each response is subject to all objections as to competence, relevance,

materiality, and admissibility, and any and all other objections and grounds that would require the exclusion of any statement, document, or thing made or produced herein if introduced at trial, all of which objections and grounds are reserved and may be interposed at the time of trial. Any statement herein that documents or things will be produced is a representation of Defendant's willingness to produce such documents or things if they exist and can be located by a reasonable, good faith effort, and not a representation that the documents or things in fact exist.

Any and all previous objections to discovery requests are adopted herein as if reasserted, restated and set out herein. Any and all objections set out herein are made without waiver of, or prejudice to, any additional objections made. All such objections are hereby expressly preserved as is the right to move for a protective order.

## **<u>INTERROGATORIES</u>**

**I.**    Pursuant to Rule 33 of the Fed. R. of Civ. P., the plaintiff Maricruz Ávalos ("Plaintiff") propounds the following First Set of Interrogatories to the defendant De Vinci's Pizza, Inc. ("DeVinci's").

*Prior to answering these Interrogatories, (I, and II) state whether you have made inquiry of the officers, servants, and employees of the employer defendant Bama, and have referred to documents, correspondence, memoranda, records, and other papers in the possession of defendant employer, as will unable you, as*

2

*the signer of these Interrogatories, to make full, complete, and true answers to the*

*following Interrogatories.*

**RESPONSE:** **Defendant objects to this interrogatory on the grounds that it is vague, confusing, cumulative, and overly broad. Defendant further objects to this interrogatory on the grounds that, as phrased, it could be interpreted to seek information which is privileged, confidential, attorney work product, or information prepared in anticipation of litigation. Defendant further objects to the extent "employer defendant Bama" is not a named party in this Complaint. Subject to and without waiving said objections, however, John A. Decastro Day has prepared these responses on behalf of Defendant De Vinci's Pizza. Mr. Day has prepared these responses to the best of his ability based on first-hand knowledge and documents that are being produced herewith. These responses were also prepared with the assistance of counsel.**

1.  Describe in detail the nature of functions of defendant's DeVinci's business.

**RESPONSE:** **De Vinci's is a restaurant.**

2.  State the name, title or position of each officer, manager, or employee in charge of the business by describing their functions.

**RESPONSE:** **John A. DeCastro Day- owner and executive manager**

3.  Fully describe the contents of DeVinci's personnel manuals used during the employ of the Plaintiff during her seven (7) years of work as laborer.

**RESPONSE:** **Defendant objects to this interrogatory on the grounds that it is vague, overly broad, and unduly burdensome. Defendant further objects to the extent it seeks information which is irrelevant, immaterial, confidential, and disproportional to the needs of the case. Subject to and without waiving said**

3

objections, however, Plaintiff did not work at De Vinci's consecutively for 7 years. Plaintiff worked on and off for approximately 7 years. Defendant does not have "personnel manuals". All training is hands on.

4.    Describe all personnel forms, from hiring to terminating, which were maintained or used for each individual employee giving the form number.

**RESPONSE:    Defendant objects to this interrogatory on the grounds that it is vague, overly broad, unduly burdensome, and not limited in time or scope. Defendant further objects to the extent it seeks information which is irrelevant, immaterial, confidential, and disproportional to the needs of the case. Subject to and without waiving said objections, however, Defendant does not use personnel forms.**

5.    State the name and title of the custodian of the personnel forms and attach copies of each form to your answers to these interrogatories.

**RESPONSE:    N/A.**

6.    Provide the names of all the personnel working for DeVincis's (including delivery-drivers) divided in job positions or job titles.

**RESPONSE:    Defendant objects to this interrogatory on the grounds it is vague, overly broad, and not limited in time or scope. Subject to and without waiving said objections, however, and to the best of Defendant's knowledge the following individuals were working at De Vinci's around the time of Plaintiff's departure:**

**Santos Hugo (kitchen)**

**Gamaliel Meza (kitchen)**

**Maricruz Avalos (kitchen)**

**Virves Mateo Diego (kitchen)**

4

**Rene Nolasco (kitchen)**

**Rene Medel (kitchen)**

**Karlie Bush (wait staff)**

**Adam Wooten (wait staff)**

**Promise Hirchst (wait staff)**

**Carson Rittenberry (wait staff)**

**Rachel Blevins (wait staff)**

**To the best of Defendant's knowledge, the following individuals are currently employed at De Vinci's are:**

**Virves Mateo Diego (kitchen)**

**Victor Hugo (kitchen)**

**Anuar Antonio Bonilla (kitchen)**

**Rene Nolasco (kitchen)**

**Rene Medel (kitchen)**

**Karlie Bush (wait staff)**

**Adam Wooten (wait staff)**

**Rachel Blevins (wait staff)**

7.      State the name of the person(s) in charge of salary administration of the department, or the operational unit responsible for salary administration and payments to the personnel.

**RESPONSE:      Defendant objects to this request on the grounds it is overly broad and not limited to the time period relevant to this case. Subject to and without waiving said objection, however, John Day is responsible for paying employees.**

8.     Describe the wage schedule for each grade level of personnel working for DeVinci's during the last seven (7) years stating the salary range for each personnel level, including laborers.

**RESPONSE:      Defendant objects to this interrogatory on the grounds it is vague, overly broad and seeks information which is irrelevant, immaterial, confidential, and disproportional to the needs of the case. Subject to and without waiving said objections, however, employees are compensated based on skill level, abilities, and job role. At the beginning of Plaintiff's employment Plaintiff made approximately $14/hr. Plaintiff's wages increased throughout her employment. Plaintiff was making $20/hr. at the time of her departure.**

9.     State the number of employees in each wage schedule as described in your answer to interrogatory #8 *supra*.

**RESPONSE:      Defendant objects to this interrogatory on the grounds it is vague, overly broad, and seeks information which is irrelevant, immaterial, confidential, and disproportional to the needs of the case. Subject to and without waiving said objection, however, employees are compensated based on skill level, abilities, and job role.**

10.     State the date of hiring and the job title for employee Plaintiff.

**RESPONSE:      Plaintiff was hired as a dishwasher. Defendant does not know the date Plaintiff was hired.**

11.     Give a full description of job duties, including the additional duties demanded from Plaintiff during her employment with DeVinci's.

**RESPONSE:      Plaintiff was hired as a dishwasher. Plaintiff was then promoted to line cook. Her responsibilities included assembling pizzas and preparing other food items. Plaintiff was then promoted and was responsible for cooking food in the oven.**

12.     State all the salary increases (including bonuses) given to employee

Plaintiff, from her date of hire with the dates on which each increase became

effective.

**RESPONSE:      Plaintiff was paid $14/hr. when she was hired. Her wages increased throughout her employment. At the time of her departure, Plaintiff was making $20/hr. Defendant does not know the dates of Plaintiff's pay increases.**

13.     State the hours per week that employee Plaintiff devoted for DeVinci's

during each week during the years: 2021, 2022, 2023, and 2024.

**RESPONSE:      Plaintiff worked on and off at De Vinci's for approximately 7 years. To the best of Defendant's knowledge, Plaintiff did not work at De Vinci's in 2022. When Plaintiff did work at De Vinci's, Plaintiff worked approximately 4 or 5 days per week. She worked anywhere from 20 to 30 hours per week.**

14.     State what means for recording the hours each week was used and

provide a copy of the recording weekly hour records for employee Plaintiff during

the last three (3) years of her employment with defendant DeVinci's.

**RESPONSE:      For each shift, employees write down their start time and end time on a timecard. At the end of each week, employees give the timecard to John Day. Defendant does not have Plaintiff's weekly hour records.**

15.     State how was Plaintiff paid, whether it was by means of a cash, check,

or any other instrument.

**RESPONSE:      Cash**

16.     State the value of all fringe benefits which employee Plaintiff was

receiving at the time of termination based on a monthly or yearly calculation.

**RESPONSE:      Plaintiff was provided with a week's paid vacation on more than one occasion. All employees, including the Plaintiff, were allowed a free meal per week and other meals at a 50% discount. All employees, including the Plaintiff, were allowed one free alcoholic drink after their shift and all other beverages were at a 50% discount. Plaintiff also was allowed to have her child with her during her shifts.**

17.     State each set of any vacation time with dates, provided to employee

Plaintiff during the seven (7) years she worked for defendant DeVinci's.

**RESPONSE:      Defendant gave the Plaintiff a week of paid vacation approximately two times during her employment at De Vinci's. Defendant does not know the dates of when Plaintiff received her paid vacation.**

18.     Provide the name and address of DeVinci's workers' compensation

insurance at the Birmingham location where employee Plaintiff was working.

**RESPONSE:      Defendant objects to this interrogatory on the grounds it seeks information which is irrelevant, immaterial, confidential, and disproportional to the needs of the case. Subject to and without waiving said objection, however, The Hartford.**

19.     State whether employee Plaintiff has, at any time, requested a transfer

of position, or promotion which has been denied, and, if so, the reasons for the

denial.

**RESPONSE:      No.**

20. From her time of hire until the date when employee Plaintiff was terminated, state whether there was ever any complaint in writing relative to the ability of employee Plaintiff to do the work assigned, and, if so, describe this in detail providing a copy of the written complaint.

**RESPONSE:        No written complaints.**

21. State in detail the reason why employee Plaintiff was discharged, with the date her employment was terminated with defendant DeVinci's.

**RESPONSE:        Defendant let go of the Plaintiff due to financial reasons around September 29, 2024. Also, Defendant had some problems with Plaintiff coming to work late and not properly doing her assigned work.**

22. State the name, address and title of each person who was working at DeVinci's when employee Plaintiff was discharged from her employment.

**RESPONSE:        Defendant objects to this interrogatory on the grounds it is overly broad and seeks information which is irrelevant, immaterial, confidential, and disproportional to the needs of the case. Subject to and without waiving said objection, however, and to the best of Defendant's knowledge, John Day and Renee Medel. Other employees working at De Vinci's when Plaintiff was discharged are unknown.**

23. Provide an account of what was said and by whom it was said to employee Plaintiff was discharged from her employment with DeVinci's.

**RESPONSE:        John Day told the Plaintiff that De Vinci's was cutting back hours in the kitchen and the business was tight, financially speaking. Mr. Day said that because of this, she was being let go.**

## <u>REQUEST FOR PRODUCTION</u>

**II.**    Pursuant to Rule 34 of the Fed. R. of Civ. P., the plaintiff, Maricruz Ávalos propounds to the defendants, De Vinci's Pizza, Inc. and John A. DeCastro (jointly referred as "Defendants") their First Request for the Production of Documents and Tangible Things to these Defendants, as follows:

### *Definitions*

The term "*Document*" refers to any writing, photograph or recording as defined in Rule 1001 of the Fed. R. of Evidence, and which will include the original or a copy of any handwritten, or any typewritten, photostatic, photographic, computer made, magnetic impulse, mechanical or electronically recorded, or any other form of data compilation, or electronically stored information.

**Please provide** to the law office of the undersigned counsel, for the Plaintiff, located at 3499 Independence Drive, Birmingham, AL 35209, the following documents and tangible things:

1.    The full copy of the entire personnel file of employee Maricruz Ávalos ("Plaintiff") during her 7 years of employment with these Defendants.

**RESPONSE:**    **None.**

2.     All the W-2's for employee Plaintiff during her seven (7) years of employment with the Defendants.

**RESPONSE:**     **None.**

3.     Copies of the punch-cards showing the work time in and out of employee Plaintiff during the last three (3) years.

**RESPONSE:**     **None.**

4.     Copies of any fringe benefit's documents provided by the Defendants to employee Plaintiff until the time of her severance.

**RESPONSE:**     **See attached.**

5.     Copies of severance pay accounting documents for employee Plaintiff.

**RESPONSE:**     **None.**

6.     Copies of paid vacation accounting documents for employee Plaintiff.

**RESPONSE:**     **None.**

7.     Copies of DeVinci's workers' compensation insurance policies during the last three (3) years prior to Plaintiff's severance.

**RESPONSE:      Defendant objects to this request on the grounds it seeks documents which are irrelevant, immaterial, confidential, and disproportional to the needs of the case. Subject to and without waiving said objection, however, see attached.**

8.    Copies of DeVinci's liability insurance policies during the last three

(3) years prior to Plaintiff's severance.

**RESPONSE:      Defendant objects to this request on the grounds it seeks documents which are irrelevant, immaterial, confidential, and disproportional to the needs of the case. Subject to and without waiving said objection, however, see attached.**

9.    Copy of all of Defendant's personnel manuals used during the

employment of Plaintiff.

**RESPONSE:      Defendant objects to this request on the grounds it is vague and overly broad. Subject to and without waiving said objection, however, none.**

10.    Copies of all DeVincis personnel forms, from hiring to termination.

**RESPONSE:      Defendant objects to this request on the grounds it is vague, overly broad, and not limited in time or scope. Defendant further objects to the extent it seeks documents which are irrelevant, immaterial, confidential, and disproportional to the needs of the case. Subject to and without waiving said objections, however, none.**

11.    Copies of the application for employment forms.

**RESPONSE:      Defendant objects to this request on the grounds it is vague, overly broad, and not limited in time or scope. Defendant further objects to the extent it seeks documents which are irrelevant, immaterial, confidential, and disproportional to the needs of the case. Subject to and without waiving said objections, however, none.**

12.    Copies of any salary payment checks, or other instrument payable to employee Plaintiff for her work for Defendants during the last three (3) years prior to Plaintiff's severance.

**RESPONSE:        None.**

13.    Copies of any written disciplinary action against employee Plaintiff.

**RESPONSE:        None.**

14.    Copies of the discharge documents with its accounting for Plaintiff.

**RESPONSE:        None.**

15.    Copies of any photographs taken from employee Plaintiff at any time during her employment with Defendants, and/or at the time of her termination.

**RESPONSE:        See attached.**

16.    Produce and permit the requesting parties, employee Plaintiff, or her representative to inspect, copy, test, or sample the following items in responding party's possession, custody or control, of any designated documents and any designated tangible things or electronically stored information, including writings, charts, photographs, drawings, graphs, sound recording, images, films, and other

data or data-compilation, for any and all documents and tangible things related in any manner or form to the time of employment and termination of the Plaintiff.

**RESPONSE:      Defendant objects to this request on the grounds that it is vague, confusing, unreasonably cumulative, unduly burdensome, and not limited in time or scope. Defendant further objects to the extent it seeks documents which are irrelevant, immaterial, and disproportional to the needs of the case. Defendant further objects to this request on the grounds that, as phrased, it could be interpreted to seek documents which are privileged, confidential, attorney work product, or information prepared in anticipation of litigation.**

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

to employee Plaintiff for her work for Defendants during the last three (3) years prior to Plaintiff's severance.

**RESPONSE:**       None.

13.    Copies of any written disciplinary action against employee Plaintiff.

**RESPONSE:**       None.

14.    Copies of the discharge documents with its accounting for Plaintiff.

**RESPONSE:**       None.

15.    Copies of any photographs taken from employee Plaintiff at any time during her employment with Defendants, and/or at the time of her termination.

**RESPONSE:**       See attached.

16.    Produce and permit the requesting parties, employee Plaintiff, or her representative to inspect, copy, test, or sample the following items in responding party's possession, custody or control, of any designated documents and any designated tangible things or electronically stored information, including writings, charts, photographs, drawings, graphs, sound recording, images, films, and other data or data-compilation, for any and all documents and tangible things related in any manner or form to the time of employment and termination of the Plaintiff.

**RESPONSE:**       **Defendant objects to this request on the grounds that it is vague, confusing, unreasonably cumulative, unduly burdensome, and not limited in time or scope. Defendant further objects to the extent it seeks documents which are irrelevant, immaterial, and disproportional to the needs of the case. Defendant further objects to this request on the grounds that, as phrased, it could be interpreted to seek documents which are privileged, confidential, attorney work product, or information prepared in anticipation of litigation.**

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

JOHN A. DECASTRO DAY
For De Vinci's Pizza

STATE OF ___AL___   )

COUNTY OF ___Jefferson___   )

I, the undersigned Notary Public, in and for said County and State, hereby certify that ___John A. D. DAY___, whose name is signed to the foregoing

instrument, and who is known to me, acknowledged before me on this day that, being informed of the contents of the instrument, executed the same voluntarily on this date.

Given under my hand and Official Seal on this the 15ᵗʰ day of _MAY_ 2025.

**NOTARY PUBLIC**
My Commission Expires: 10-22-2028

Respectfully submitted,
*s/ Margaret C. Key*
M. Jansen Voss
(ASB-6815-E68V)(VOS001)
Margaret C. Key
(ASB-7956-U16Z)(CLA128)
*Attorneys for De Vinci's Pizza,
Inc. and John A. DeCastro Day*

**OF COUNSEL,**
CHRISTIAN & SMALL LLP
505 North 20th Street, Suite 1800
Birmingham, Alabama 35203
T (205) 795-6588  F (205) 328-7234
mjvoss@csattorneys.com
mckey@csattorneys.com

## CERTIFICATE OF SERVICE

I certify on May 13, 2025, I served a copy of this document and any attachments on counsel for all parties via electronic mail to:

Vicenta B. Smith
BONET & SMITH, PC
3499 Independence Drive
Birmingham, AL 35209
vicenta@bonetsmith.com
*Attorneys for Plaintiff*

*/s/ Margaret C. Key*
**OF COUNSEL**

2

## <u>CERTIFICATE OF SERVICE</u>

I certify on May 15, 2025, I served a copy of this document and any attachments on counsel for all parties via electronic mail to:

Vicenta B. Smith
BONET & SMITH, PC
3499 Independence Drive
Birmingham, AL 35209
vicenta@bonetsmith.com
*Attorneys for Plaintiff*

*/s/ Margaret C. Key*
**OF COUNSEL**

16

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

**MARICRUZ AVALOS,**

     **Plaintiff,**

**v.**

**2:2025-CV-00250-JHE**

**DE VINCI'S PIZZA, INC., and
JOHN A. DECASTRO DAY,**

     **Defendants.**

---

### DEFENDANT DE VINCI'S PIZZA INC.'S RESPONSE TO PLAINTIFF'S SECOND REQUESTS FOR ADMISSION

---

Defendant De Vinci's Pizza, Inc. ("De Vinci's" or "Defendant"), responds to the Plaintiff's Second Request for Admissions as follows:

1.    Admit or deny that you have misclassified Kesler Chávez as an independent contractor, who was an employee dishwasher / kitchen helper at De Vinci's Pizza Inc., issuing on him a 1099 tax return instead of a W-2.

**RESPONSE:    Defendant objects on the grounds that this request is irrelevant, immaterial, confidential, and disproportional to the needs of the case. Defendant further objects on the grounds it is not limited in time or scope. Subject to and without waiving said objections, however, Defendant admits Kesler Chávez received a 1099.**

2.    Admit or deny that the 1099 tax data made on the employee Kesler Chávez, *supra*, says that he received from De Vinci's Pizza Inc., the amount of

Eighty Thousand ($80,000.00) while labeled as an independent contractor, earned a period of six (6) months despite working as an employee for De Vinci's Pizza Inc.

**RESPONSE:    Defendant objects to this request on the grounds it is irrelevant, immaterial, confidential, and disproportional to the needs of the case. Defendant further objects on the grounds it is not limited in time or scope. Subject to and without waiving said objections, however, denied.**

3.    Admit or deny that Kesler Chávez, *supra*, has been summoned and penalized by the Internal Revenue Service ("IRS"), while having to pay installments of monies to the IRS to avoid incarceration for fraud when he properly tried to do his tax returns at the rate of the $18.00 per hour, which is what he was actually paid at the De Vinci's Pizza Inc., with no overtime.

**RESPONSE:    Defendant objects to this request on the grounds it is irrelevant, immaterial, confidential, and disproportional to the needs of the case. Defendant further objects on the grounds it is not limited in time or scope. Defendant further objects to this request to the extent it implies Kesler Chávez was owed overtime pay. Defendant denies Kesler Chávez was owed overtime pay. Subject to and without waving said objections, however, Defendant is without sufficient knowledge or information regarding Kesler Chávez's personal dealings with the IRS. Consequently, this request is denied.**

4.    Admit or deny that you have misclassified Gamaliel Meza, as an independent contractor, although he was a per-hour salaried kitchen's employee at the De Vinci's Pizza, Inc., without any overtime, while issuing on him a 1099 tax form instead of a W-2.

**RESPONSE:    Defendant objects to this request on the grounds it is irrelevant, immaterial, confidential, and disproportional to the needs of the case. Defendant further objects on the grounds it is not limited in time or scope. Defendant further objects to the extent this request implies Gamaliel Meza was**

**owed overtime pay. Defendant denies Gamaliel Meza was owed overtime pay. Subject to and without waiving said objections, however, Defendant admits Gamaliel Meza received a 1099.**

5.      Admit or deny that the 1099 tax form for just <u>one year</u> of labor at De Vinci's Pizza, Inc., on the above employee Gamaliel Meza reflected a <u>very large amount of money</u> that he did not make there.

**RESPONSE:      Defendant objects to this request on the grounds it is irrelevant, immaterial, confidential, and disproportional to the needs of the case. Defendant further objects on the grounds that the phrase, "very large amount of money" is vague, overly broad, and subject to multiple interpretations. Defendant further objects to this request to the extent it is not limited in time or scope. Subject to and without waiving said objections, however, denied.**

6.      Admit or deny that Gamaliel Meza confronted you on the issue of the 1099 on him, which reflected more than five times what he was paid.

**RESPONSE:      Defendant objects to this request on the grounds it is irrelevant, immaterial, confidential, and disproportional to the needs of the case. Defendant further objects on the grounds it is vague, overly broad, and not limited in time or scope. Subject to and without waiving said objections, however, denied.**

7.      Admit or deny that you used the cash received at the business of De Vinci's Pizza to pay the employees working there.

**RESPONSE:      Admit.**

Respectfully submitted,

*s/ Margaret C. Key*
Margaret C. Key
(ASB-7956-U16Z)(CLA128)
M. Jansen Voss
(ASB-6815-E68V)(VOS001)
*Attorneys for De Vinci's Pizza,*
*Inc. and John A. DeCastro Day*

**OF COUNSEL**:
CHRISTIAN & SMALL LLP
505 North 20th Street, Suite 1800
Birmingham, Alabama 35203
T (205) 795-6588  F (205) 328-7234
mjvoss@csattorneys.com
mckey@csattorneys.com

## CERTIFICATE OF SERVICE

I certify on October 2, 2025, I served a copy of this document and any attachments on counsel for all parties via email:

Vicenta B. Smith
BONET & SMITH, PC
3499 Independence Drive
Birmingham, AL 35209
vicenta@bonetsmith.com
*Attorneys for Plaintiff*

*/s/ Margaret C. Key*
**OF COUNSEL**